■ ALVIN KADAN et al., Plaintiffs, v VOLKSWAGEN OF AMERICA, INC., et al., Appellants, et al., Defendants, and BERTRAM Z. KADAN, Respondent. (And Another Related Action.)—Weiss, J. P. Appeal from an order of the Supreme Court (Conway, J.), entered March 31, 1987 in Albany County, which denied the motion of defendants Volkswagen of America, Inc., and Volkswagen Products Corporation for a protective order and granted defendant Bertram Z. Kadan's cross motion to compel discovery and inspection.

The underlying actions, which were joined for trial and sound in negligence, breach of warranty and strict products liability, arose as the result of a June 28, 1980 accident in which a 1980 Volkswagen Rabbit automobile, owned and operated by defendant Bertram Z. Kadan (hereinafter Kadan) in which Alvin Kadan was a passenger, left the roadway injuring the occupants. This appeal concerns a notice of discovery and inspection served in November 1985 by Kadan, as a codefendant in action No. 1, upon defendants Volkswagen of America, Inc., and Volkswagen Products Corporation (now collectively known as Volkswagen of America, Inc., and hereinafter referred to as VW). As limited by its brief, VW challenges only so much of Supreme Court's order as authorized the disclosure of all memoranda, reports and investigative files regarding the "recall campaign" designated "EU 12", pertaining to a breather hose and oil filter for similar model vehicles, which were requested in demands Nos. 4 and 10 of the notice for discovery and inspection.

We affirm. In effect, VW maintains that since Kadan attributed the accident in his complaint and answers to interrogatories solely to a defect or malfunction in the vehicle's cruise control mechanism, the instant discovery demand is immaterial and overly broad. Examination of the pleadings confirms that the only component part specifically complained of is the

cruise control mechanism. The claims reflect Kadan's description of this accident, which purportedly occurred when the vehicle spontaneously accelerated causing the vehicle to go out of control. As VW emphasizes, however, the subject "recall campaign", which Richard Bandstra, an employee of VW, actually characterized as a voluntary "service action", related to completely separate component parts of the vehicle, i.e., the breather hose and oil filter. We do not dispute VW's essential premise that it is incumbent upon the proponent of a products liability claim to specifically identify the component of the product claimed to be defective so as to define the issues and prevent unfair surprise at trial (see, Pole v Frame Chevrolet, 126 AD2d 531; Scott v General Motors Corp., 117 AD2d 662; Wiseman v American Motors Sales Corp., 101 AD2d 859, 860). In fact, Kadan's pleadings do just that in focusing on the cruise control mechanism.

However, we cannot agree that Kadan so narrowly limited the issues as to vitiate the instant discovery demand. The accident was attributed to "the malfunctioning of the engine" which, at the time the interrogatory responses were propounded in June 1984, was thought to be occasioned by a defective cruise control device. In October 1985, Bandstra acknowledged in an examination before trial that a consequence of the breather hose problem underlying the service campaign EU 12 was that it could "[p]ossibly allow the engine to accelerate" and had, in fact, done so on at least two occasions. Given this testimony and the description of the accident, it is evident that Kadan's discovery demand is not a mere fishing expedition into an irrelevant realm. CPLR 3101 (a) authorizes the disclosure of all material and relevant evidence and is accorded a liberal construction in favor of disclosure (see, Nitz v Prudential-Bache Sec., 102 AD2d 914, 915). " 'Indeed, the basic test which a court should apply in determining whether or not to allow discovery is "one of usefulness and reason" ' " (Goldberg v Blue Cross, 81 AD2d 995, 996, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407). Supreme Court is vested with broad discretion in the supervision of disclosure and, in our view, had ample basis to conclude that the request was pertinent to the central issue in litigation, which was the precipitating cause of the accident (see, Bloss v Ford Motor Co., 126 AD2d 804; see, Bertocci v Fiat Motors, 76 AD2d 779, 780).

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.