■ ANNE M. BUMBULSKY et al., Respondents, v F. THERESA McCARTHY, Appellant, et al., Defendant.—Kane, J. P. Appeal from an order of the Supreme Court (Conway, J.), entered August 8, 1988 in Albany County, which granted plaintiffs' motion for a further pretrial deposition of defendant F. Theresa McCarthy.

This is a medical malpractice action in which plaintiffs are seeking damages for injuries allegedly sustained as the result of a surgical procedure performed by defendant F. Theresa McCarthy (hereinafter defendant) on plaintiff Anne M. Bum-

bulsky (hereinafter plaintiff).* In defendant's answer to plaintiff's complaint, she asserted an affirmative defense of culpable conduct on plaintiff's part. Defendant was then served with a demand for a bill of particulars requesting information with respect to this defense to which she responded by stating that such information could not be provided until after discovery. A pretrial deposition of defendant took place on December 6, 1985, to which defendant testified to the following. After defendant operated on plaintiff on February 14, 1983, plaintiff was released from the hospital on February 20, 1983. However, she was readmitted by defendant on March 1, 1983 due to complications and re-released on March 6, 1983. After that, plaintiff visited or contacted defendant on several more occasions. Defendant stated that after April 8, 1983, she did not see or hear from plaintiff again. When asked if plaintiff failed to follow defendant's instructions, defendant answered in the negative. After the deposition, defendant served a supplemental bill of particulars and an amended supplemental bill of particulars. In the bill of particulars, contrary to her statement at the deposition, defendant claimed that after April 8, 1983, plaintiff did fail to follow defendant's advice or to keep follow-up appointments with defendant. As a result, plaintiff requested a second deposition of defendant and defendant moved for a protective order. The motion was denied and plaintiff was permitted to conduct a second deposition but was also instructed by Supreme Court to "inquire into areas not covered originally, in light of the new allegations" in the bill of particulars. At the second deposition, however, plaintiff's counsel asked questions regarding areas covered in the first deposition. Defendant's counsel objected and plaintiff's counsel halted the deposition and then moved to compel disclosure. Plaintiff claimed that the bill of particulars' assertions "necessitated a new direction and thrust" with respect to the areas covered in the first deposition. Supreme Court agreed with plaintiff's claim and, in ordering a third deposition, held that the questions asked could include questions covered in the first deposition. Defendant has appealed.

We disagree with Supreme Court's conclusion that the areas covered in the first deposition may again be covered as a result of defendant's allegations in her bill of particulars. It is true that under CPLR 3101 (a) a party is entitled to evidence that is "material and necessary" and that these words are to

---

* Plaintiff's husband joined in this suit. For the sake of convenience, only plaintiff will be referred to in the remainder of this decision.

be liberally construed to require disclosure of any facts bearing on the controversy that will assist trial preparation and reduce delay *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). We are also aware that Supreme Court possesses broad discretion in supervising disclosure *(Maggio v State of New York,* 88 AD2d 1087, 1088). However, at the first deposition, plaintiff was able to thoroughly question defendant concerning matters other than follow-up care. The bill of particulars was very specific in its assertion that plaintiff was guilty of culpable conduct by failing to receive follow-up care or to follow defendant's advice after a particular date, i.e., April 8, 1983. Given that this was indeed contrary to defendant's statement at the first deposition to the effect that plaintiff followed her advice, a third deposition is necessary. However, it should nevertheless be limited to the matters concerning the follow-up care specifically alleged by defendant in her bill of particulars. To permit otherwise would result only in plaintiff "obtaining in exquisite detail a breakdown of the prior responses" *(Comstock & Co. v City of New York [Bower Bay WPCP],* 80 AD2d 805, 806), an outcome we find unreasonable and repetitious *(see, supra,* at 807).

Order modified, on the law and the facts, without costs, by reversing so much thereof as permitted discovery of matters covered in the pretrial deposition of December 6, 1985, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.