MARGERY A. PARRY, Respondent, v PYRAMID CROSSGATES COMPANY et al., Respondents, and WESTINGHOUSE ELEVATOR COMPANY, Appellant.—Mahoney, P. J.

On August 10, 1984, plaintiff allegedly was injured when an

escalator on which she was riding in a shopping mall located in the Town of Guilderland, Albany County, stopped suddenly. She commenced this action for damages, claiming, *inter alia,* that defendant Westinghouse Elevator Company (hereinafter defendant) negligently designed, manufactured, assembled, installed and/or maintained the escalator, identified as a Moduline 100 escalator. Defendant denied the material allegations of the amended complaint. Following certain discovery, including an examination before trial of defendant's field superintendent, plaintiff sought records concerning incidents of Moduline 100 escalators stopping prior to and on August 10, 1984. Defendant responded by indicating that its upstate New York district office had no records of any such incidents.

Plaintiff then requested that defendant search all of its district offices for these records. Defendant resisted this demand as unduly burdensome and overly broad. Plaintiff thereafter moved to compel the discovery and defendant cross-moved for a protective order. Supreme Court denied defendant's cross motion and ordered defendant to comply with plaintiff's demand on condition of default. This appeal by defendant ensued.

We find no abuse of Supreme Court's broad discretion in supervising the liberal disclosure requirements of the CPLR *(see, e.g., Bumbulsky v McCarthy,* 151 AD2d 857, 858-859). We were advised at oral argument that the Moduline 100 escalator has been available for only some 15 years and it strikes us that the requested records will be readily ascertainable. Accordingly, we see no error in Supreme Court's order denying defendant's cross motion for a protective order and directing defendant to comply with plaintiff's demand on condition of default.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.