◼ THOMAS J. CARECCIA, Appellant, v EDWIN A. ENGSTROM, Defendant, and COUNTY OF ROCKLAND, Respondent. (And a Third-Party Action.)—Mahoney, P. J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from that part of an order of the Supreme Court (Bergerman, J.), entered January 31, 1990 in Rockland County, which denied plaintiff's motions to, *inter alia,* obtain certain discovery materials, and (2) from an order of said court, entered September 27, 1990 in Rockland County, which, upon reargument, partially adhered to its prior decision.

On February 19, 1987, plaintiff was operating his motorcycle on Orangeburg Road and defendant Edwin A. Engstrom was driving his vehicle on Old Orangeburg Road, both located in the Town of Orangetown, Rockland County. Engstrom, facing a stop sign for his lane of travel as he approached the intersection of the two roads, attempted to execute a left-hand turn onto Orangeburg Road and collided with plaintiff.

Plaintiff subsequently commenced this suit against Engstrom and defendant County of Rockland, contending that the latter had negligently maintained the subject intersection. Plaintiff also commenced a second action against the Town of Orangetown, contending that it too had negligently maintained the "dangerous and hazardous" intersection. The county, by amended answer, admitted that it maintained the intersection. The town denied any control and, based on the respective answers and representations made thereby, plaintiff stipulated to a discontinuance of his action against the town, leaving only the original action against Engstrom and the county.

Approximately six months later, the county commenced a third-party action against the town, contending that notwithstanding its prior representations, the town did have control

---

over the subject intersection. Plaintiff thereafter brought three separate motions seeking to (1) strike the county's answer for failure to comply with plaintiff's notice to produce and compel the county to comply with certain discovery requests, (2) vacate the stipulation of discontinuance, reinstate plaintiff's action against the town and consolidate that action with the action commenced against Engstrom and the county, and (3) strike the county's fourth and fifth affirmative defenses and compel the production of certain individuals for oral depositions. The county cross-moved to dismiss plaintiff's complaint.

Supreme Court directed that the Superintendent of Highways for the county be produced for a deposition and denied all other aspects of the cross motions. Plaintiff thereafter filed a notice of appeal challenging, *inter alia*, Supreme Court's denial of plaintiff's request to depose the County Executive and the Highway Traffic Engineer retained to study the subject intersection. Subsequent to the filing of plaintiff's notice of appeal, and apparently pursuant to a motion to reargue, Supreme Court granted plaintiff's motion to strike the county's fourth and fifth affirmative defenses, as well as plaintiff's motion to reinstate the action against the town and consolidate the two actions. Accordingly, our review is limited to determining if Supreme Court erred in denying plaintiff's request for the production of certain witnesses for deposition and whether plaintiff is entitled to additional discovery materials.

With respect to the first of the two remaining issues, we note that CPLR 3101 (a) has been liberally construed so as to "require disclosure of any facts bearing on the controversy that will assist trial preparation and reduce delay" *(Bumbulsky v McCarthy,* 151 AD2d 857, 859). Further, the scope and supervision of such discovery is traditionally committed to the sound discretion of the trial court *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Kadan v Volkswagen of Am.,* 129 AD2d 948, 949). Here, with respect to the County Executive, it is evident that he is a proper party for pretrial examination because he initiated a traffic study of the subject intersection and is in a position to testify as to the role played by the county in the maintenance of that intersection. Next, the engineering technician, who conducted a traffic study of the intersection and coauthored a memorandum to the county's Superintendent of Highways, is clearly a proper subject of pretrial discovery. Accordingly, notwithstanding Supreme Court's broad discretion in this area, we conclude that it erred

in not allowing plaintiff to depose these individuals *(see, supra).*

Finally, we note that CPLR 3101 imposes a continuing duty on the county to provide plaintiff with all accident reports related to the subject intersection, as well as the report of its expert when it is available.

Order entered January 31, 1990 modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to depose certain individuals and to produce certain accident reports; motion granted to that extent; and, as so modified, affirmed.

Appeal from order entered September 27, 1990 dismissed, as academic, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.