■ ALEXANDRIA GRAVES, Appellant, v MERCO PROPERTIES, INC., et al., Respondents, et al., Defendants. [604 NYS2d 210] —In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated July 7, 1992, as denied her motion to compel the depositions of the defendants Merco Properties, Inc., Beach View Hotel, and Merco Properties, d/b/a Beach View Hotel, and to impose a sanction upon those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the plaintiff's motion which was to compel the depositions of Merco Properties, Inc., Beach View Hotel, and Merco Properties, d/b/a Beach View Hotel, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, to set the time and place of the depositions.

The plaintiffs in this case seek to depose the defendants Merco Properties, Inc., Beach View Hotel, and Merco Properties, d/b/a Beach View Hotel. These defendants are the named insureds of the premises in which the infant plaintiff was injured. Notwithstanding the Supreme Court's broad discretion in this area, we conclude that it erred in not allowing the plaintiff to depose these defendants. CPLR 3101 has been construed to "require disclosure of any facts bearing on the controversy that will assist trial preparation and reduce delay" *(Bumbulsky v McCarthy,* 151 AD2d 857, 859). Accordingly, since the deposition of these defendants could reveal material information necessary to the preparation of the plaintiff's case, the plaintiff was entitled to depose these defendants *(see, Careccia v Engstrom,* 171 AD2d 928; *Bigman v Dime Sav. Bank,* 153 AD2d 912).

We have reviewed the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.