■ BODIE DARLING, Respondent, v HAROLD SOLOMON, Appellant. [642 NYS2d 731] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered August 11, 1995 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff was allegedly injured when he fell from a scaffold while performing electrical work at a construction site owned by defendant. Claiming that his fall was caused by the collapse of a rotted board upon which he was standing, plaintiff brought this action charging negligence and violations of Labor Law §§ 240 and 241. After some discovery was had, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court, over defendant's opposition, found defendant responsible, as a matter of law, for failing to provide adequate safety devices as required by Labor Law § 240 (1), and this appeal ensued.

Defendant urges that inasmuch as plaintiff is the only known witness to the accident—although plaintiff apparently indicated, in response to a discovery demand, that two other persons witnessed his fall, the names and addresses of those witnesses are evidently unknown to either party at this time—and his deposition, though promptly noticed, had not yet been conducted when this motion was brought on, summary judgment was improperly granted. The fact that a fall was unwitnessed is not necessarily enough, without more, to preclude summary judgment in a case of this type (*see, Davis v Pizza-*

*galli Constr. Co.*, 186 AD2d 960, 961; *Marasco v Kaplan*, 177 AD2d 933). Where, however, as here, it is evident that much of the information that might enable defendant to rebut plaintiff's prima facie case is solely within the knowledge of plaintiff and his employer, whose interests are adverse to defendant's, summary judgment should not be entertained until defendant has at least had an opportunity to subject plaintiff to an examination before trial (*see, Alston v Golub Corp.*, 129 AD2d 916, 918; *Parsolano v County of Nassau*, 93 AD2d 815, 817).

Mikoll, J. P., Crew III and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and motion denied.