■ DONALD J. MCGLYNN et al., Respondents, v PALACE COMPANY, Defendant, and AMEDEO HOTEL LIMITED PARTNERSHIP et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents. WILDMAN & BERNHARDT CONSTRUCTION, INC., Third-Party Defendant-Respondent-Appellant. [691 NYS2d 514] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about April 17, 1998, which granted plaintiffs' motion for partial summary judgment on liability, and denied defendants and third-party plaintiffs' cross-motion for summary judgment seeking indemnity against third-party defendant, unanimously modified, on the law, and the motion and cross-motion denied without prejudice to renewal after completion of discovery, and otherwise affirmed, without costs.

Plaintiff, Donald J. McGlynn, an employee of third-party defendant Wildman & Bernhardt Construction, Inc., was allegedly injured when he fell from a scaffold at a construction site owned by defendants and third-party plaintiffs Amedeo Hotel Limited Partnership and the Archdiocese of New York. This action ensued. On December 5, 1997 the motion court issued a preliminary conference order directing depositions of all parties on February 27, 1998, and completion of all other discovery by December, 1998.

Just one month after entry of the preliminary conference order, and before the parties obtained any discovery, plaintiffs moved for an order granting them partial summary judgment on their Labor Law § 240 (1) claim. Defendants Amedeo and the Archdiocese pointed to the lack of discovery and asserted that the motion for summary judgment was premature. In addition, they cross-moved for indemnity as against Wildman, which was the general contractor for the construction project. Notwithstanding the lack of discovery, the IAS Court granted plaintiffs' motion concluding, *inter alia*, that the defendants had an ample opportunity to obtain discovery necessary to contest liability. With regard to the cross-motion seeking indemnity, the court determined that whether Wildman was the active tortfeasor was a question for the jury. We conclude that the motion court erred.

At the time of plaintiffs' motion, defendants had not yet been provided with a deposition of the injured plaintiff or, for that matter, any other discovery. Moreover, this is not a situation where defendants can be charged with a failure to diligently seek discovery, since plaintiffs' motion was made almost immediately after entry of the court's preliminary conference order, and the motion for summary judgment brought into force a stay of discovery proceedings (CPLR 3214 [b]). Under the circumstances presented here, it was error to grant summary judgment prior to affording defendants an opportunity to depose plaintiff (*cf.*, *Darling v Solomon*, 227 AD2d 851; *Gaughan v Chase Manhattan Bank*, 204 AD2d 67). Accordingly, plaintiffs' motion should have been denied, albeit without prejudice to renewal after completion of discovery proceedings.

As to the cross-motion, we agree with the motion court that a question of fact exists as to whether Amedeo and the Archdiocese were entitled to indemnity against Wildman. However, discovery may well reveal that summary judgment on the indemnity claim is warranted. Therefore, while the cross-motion was properly denied, the denial should have been without prejudice to renewal.

Finally, to the extent that plaintiffs ask that we take notice of discovery that was conducted after their motion was granted, we decline to do so. Concur—Ellerin, P. J., Nardelli, Williams, Saxe and Friedman, JJ.