■ DENNIS SCOFIELD, Appellant, v TRUSTEES OF UNION COLLEGE IN THE TOWN OF SCHENECTADY et al., Defendants, and BARON UTILITIES CORPORATION, Respondent. [699 NYS2d 570] —Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered January 28, 1999 in Schenectady County, which granted defendant Baron Utilities Corporation's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff was injured on August 31, 1994 while working as a laborer for Albany Ladder Company, Inc. at a job site on the Union College campus in the City of Schenectady, Schenectady County. Plaintiff contended that he slipped on crushed stone atop a concrete walkway and stumbled. Both defendant Baron Utilities Corporation (hereinafter defendant) and Albany Ladder were subcontractors for defendant A.J. Martini, Inc., the general contractor.

Plaintiff commenced this action against the trustees of Union College, A.J. Martini and defendant, alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). Defendant moved for summary judgment, contending that it did not owe a duty to plaintiff because the crushed stone was readily observable and Labor Law § 241 (6) does not apply to a subcontractor. Supreme Court granted defendant's motion, prompting this appeal.*

Addressing plaintiff's contentions that consideration of defendant's motion for summary judgment was premature because it was made before defendant complied with plaintiff's discovery request for photographs and a videotape of the work area, we note that CPLR 3212 (f) provides that if the affidavit submitted in opposition to a motion demonstrates that opposing facts may exist, the court *may* postpone its decision. However, an opposing party must demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge (*see, Kirtoglou v Fogarty*, 235 AD2d 1019, 1022; *Williams v Village of Endicott*, 202 AD2d 885, 886); mere speculation will be insufficient (*see, Auerbach v Bennett*, 47 NY2d 619, 636).

Our review reveals that this accident occurred in 1994, that the action was commenced in 1997 and that extensive depositions of all parties and relevant supervisory personnel were held. Job photographs were marked at these depositions; plaintiff was present when many of these photographs were taken and has made no showing as to what facts may be elicited by more photographs or videotape or whether these facts are exclusively within Baron's knowledge. In fact, the record reveals that counsel for plaintiff admitted, at one point, that these photographs would more likely be in the possession of A.J. Martini or the trustees of Union College. Accordingly, we find no abuse of discretion in not postponing the decision.

As to the dismissal of this action against defendant, again we find no error. The record reveals that at the time of the incident, plaintiff was 46 years old and had worked as a laborer for approximately 25 years. He received numerous training courses through the laborers' union and acknowledges that he was familiar with the type of crushed stone used on the walkway at this job site. He further testified that he successfully traversed the concrete walkway at least two times earlier that day, being aware, at such times, that the walkway was

---

* Notwithstanding the notice of appeal, we find that plaintiff has abandoned that part of Supreme Court's decision which dismissed the Labor Law § 241 (6) cause of action.

covered with "thousands" of gravel stones measuring somewhere between 3/4 of an inch to 1 inch in diameter. Upon these facts and noting that an alleged tortfeasor has no duty under common-law negligence or Labor Law § 200 where " 'the danger at issue is readily observable, bearing in mind the age, intelligence and experience of the worker' " (*Doyne v Barry, Bette & Led Duke*, 246 AD2d 756, 757, quoting *Bombard v Central Hudson Gas & Elec. Co.*, 229 AD2d 837, 838, *lv dismissed and denied* 89 NY2d 854), we find no basis to disturb the determination rendered. Accordingly, defendant cannot be found to have a duty to have protected plaintiff from the obvious condition upon which he faltered.

Accordingly, the order of Supreme Court is affirmed.

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.