■ CARSTEN J. PANK et al., Respondents, v VILLAGE OF CANAJOHARIE et al., Appellants. [712 NYS2d 210] —Mugglin, J. Appeal from an order of the Supreme Court (Best, J.), entered January 26, 2000 in Montgomery County, which, *inter alia*, granted plaintiff's cross motion to conduct additional discovery.

In 1995 defendant Village of Canajoharie constructed and commenced operation of a storage pad for vegetable waste biosolids on land owned by defendants Robert R. Harris and Kathleen Harris (hereinafter collectively referred to as Harris). The vegetable waste biosolids came from a baby food manufacturing facility in the Village of Canajoharie, Montgomery County. The Village adds nitrogen and a synthetic polymer to the biosolids prior to transportation to the storage pad. Harris spread

the mixture as fertilizer on his farm land.* In January and April 1996, it is uncontroverted that there were escapes of biosolids from the storage pad area. Plaintiffs own various parcels of land, predominantly used for farming purposes, located northwest of the storage pad. In this action, plaintiffs assert causes of action sounding in negligence and private nuisance contending that the operation of the storage pad and spills of biosolids relative thereto contaminated their only source of potable water and created noxious odors resulting in the diminishment of the value of their real property.

In March 1999, Supreme Court granted plaintiffs' application pursuant to CPLR 3120 for permission to enter upon defendant's land and storage pad to conduct a tracer study designed to establish a ground water connection between the storage pad and the contamination of plaintiffs' water well. Shortly after the tracer study was completed, the Village moved for summary judgment asserting that the storage pad was not responsible for the high nitrate levels which had been found in plaintiffs' well. Harris cross-moved for summary judgment on the same basis. Plaintiffs opposed the motions and cross-moved for permission to conduct an additional tracer study, as well as a nonparty deposition of an attorney from the Department of Environmental Conservation who had authored a letter which opined that the storage pad did not have significant impact on the surrounding environment. Supreme Court granted plaintiffs' cross motion and held the respective defendants' motions for summary judgment in abeyance pending completion of the additional discovery. Both the Village and Harris appeal from this order.

The dispositive issue is whether Supreme Court abused its discretion in granting plaintiffs' cross motion for additional discovery based on CPLR 3212 (f). Since we find no basis upon which to disturb Supreme Court's exercise of discretion, we affirm.

A motion for summary judgment may be opposed with the claim that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party (see, CPLR 3212 [f]). However, the opposing party must make an evidentiary showing supporting this conclusion, mere speculation or conjecture being insufficient (see, Scofield v Trustees of Union Coll., 267 AD2d 651, 652). Defendants essentially contend that plaintiffs have already been granted the opportunity to conduct a tracer

---

* Harris sold the land upon which the storage pad is located to the Village in October 1996.

study and that dissatisfaction with the results of that tracer study is not an adequate basis upon which to conduct a second tracer study. Plaintiffs' motion for a second tracer study is premised upon the contention that a second tracer study is common in water evaluation studies in order to obtain baseline conclusions over more than one season. Also, plaintiffs contend that the dye chosen for use during the first tracer study was simply too difficult to detect in plaintiffs' potable water source to be of reliable and probative value.

The evidence submitted by plaintiffs in the form of expert affidavits establishes "that facts essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212 [f]). Clearly, the second tracer study cannot be conducted without access to the storage pad and surrounding land which is exclusively in defendants' control (see, Scofield v Trustees of Union Coll., supra). In our view, the record sufficiently establishes that plaintiffs' request for a second tracer study is not predicated on dissatisfaction with the results of the first tracer study and does not constitute a simple fishing expedition predicated on surmise and hope that facts will be developed sufficient to defeat summary judgment. Accordingly, Supreme Court did not abuse its discretion in granting plaintiffs' request for additional discovery and holding defendants' motions for summary judgment in abeyance pending the completion of that discovery.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.