■ In the Matter of GERALD HEUSTIS, Respondent, v TOWN OF TICONDEROGA PLANNING BOARD, Appellant, et al., Respondent. [784 NYS2d 187]—

Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 9, 2004 in Essex County, which, in a combined proceeding pursuant to CPLR article 78 and action

for declaratory judgment, inter alia, denied a motion by respondent Town of Ticonderoga Planning Board for summary judgment dismissing the complaint.

At issue here is whether a conflict of interest existed in May 2003 when respondent Town of Ticonderoga Planning Board (hereinafter the Board) approved respondent Patrick Armstrong's application for a special use permit to conduct gravel extraction and mining on land abutting petitioner's property. After oral argument, Supreme Court dismissed petitioner's CPLR article 78 proceeding and denied his requests for an injunction. With a declaratory judgment action still pending, the Board moved for summary judgment by alleging that there was no conflict of interest. It proffered, inter alia, an affirmation from counsel detailing the relationships alleged between Armstrong and three members of the Board, Armstrong's verified answer confirming the extent of these relationships and the Town's Code of Ethics; Armstrong joined in the Board's motion. Petitioner contended that dismissal was premature due to a lack of discovery and cross-moved to compel disclosure. Supreme Court denied the Board's motion as well as petitioner's cross motion to compel. The Board appeals.

It is not disputed that the targeted Board members are Lee Peters, Karen Crammond and John Reale. Peters, the Board chair, hired Armstrong to excavate real property at his home in December 2002, four months before Armstrong's application. Armstrong hired Crammond's son to work for him during the summer of 2002, approximately eight months before his application. Reale is employed by a local construction company, Reale Construction, which routinely rents trucking equipment and purchases gravel from Armstrong. Petitioner contends that due to these relationships, the "perceived conflict of interest" warranted each of these members to recuse himself or herself from a review of Armstrong's application. General Municipal Law § 809 (2) provides as follows: "[A]n officer or employee shall be deemed to have an interest in the applicant when he, his spouse, or their brothers, sisters, parents, children, grandchildren, or the spouse of any of them . . . (d) is a party to an agreement with such an applicant, express or implied, whereby he may receive any payment or other benefit, whether or not for services rendered, dependent or contingent upon the favorable approval of such application, petition or request." The Town's Code of Ethics further advises that a board member "shall not invest or hold any investment directly or indirectly in any financial business, commercial or other private transaction, which creates a conflict with his official duties" or "render ser-

vices for private interests when such employment or service creates a conflict with or impairs the proper discharge of his official duties." Recognizing that a resolution of this issue is fact specific "and the mere fact of employment or similar financial interest does not mandate disqualification of the public official involved in every instance" (*Matter of Parker v Town of Gardiner Planning Bd.*, 184 AD2d 937, 938 [1992], *lv denied* 80 NY2d 761 [1992]), we find that the Board's proffer and petitioner's response thereto warranted judgment to the Board, as a matter of law, with respect to Peters and Crammond (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]; *Matter of De Paolo v Town of Ithaca*, 258 AD2d 68, 72 [1999], *lv denied* 94 NY2d 751 [1999]; *Matter of Ahearn v Zoning Bd. of Appeals of Town of Shawangunk*, 158 AD2d 801, 802 [1990], *lv denied* 76 NY2d 706 [1990]); petitioner failed to demonstrate how additional discovery would have revealed any material facts that were in the Board's exclusive possession regarding either Board member (*see Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]; *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]). With respect to Reale, however, we find that a further inquiry was warranted to determine, among other things, Reale's corporate and/or financial relationship with Reale Construction and whether or not such company would financially benefit from the approval of Armstrong's application (*compare Parker v Town of Gardiner Planning Bd., supra* at 937-938).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of respondent Town of Ticonderoga Planning Board for summary judgment dismissing the claims alleging a conflict of interest by Lee Peters and Karen Crammond; motion granted to that extent; and, as so modified, affirmed.