■ JAMES HARRIS, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [790

NYS2d 885]—In an action to recover damages for personal injuries, the plaintiff appeals (1) from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated October 10, 2003, as granted the cross motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by his brief, from so much of a judgment of the same court entered October 31, 2003, as, upon the order, dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the cross motion is denied without prejudice to renewal upon the completion of discovery, the complaint is reinstated insofar as asserted against the defendant New York City Housing Authority, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff has not yet had an adequate opportunity to conduct discovery into several relevant issues exclusively within the knowledge of the respondent (*see generally Rajan v Insler,* 300 AD2d 463 [2002]; *Firesearch Corp. v Micro Computer Controls Corp.,* 240 AD2d 365 [1997]; *Darling v Solomon,* 227 AD2d 851 [1996]). Accordingly, the Supreme Court should not have granted the respondent's cross motion. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.