■ RUDOLPH L. SVOBODA et al., Respondents, v OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC., Appellant. [799 NYS2d 602]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lebous, J.), entered January 12, 2005 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs allege that, following a right knee arthroplasty performed on plaintiff Rudolph L. Svoboda (hereinafter plaintiff) at defendant hospital, a continuous passive motion (hereinafter CPM) machine utilized by defendant in an incor-

rect fashion caused plaintiff to develop an ulcer on his right calf. The ulcer resulted in plaintiff having to undergo skin graft surgery. Plaintiff and his wife, derivatively, commenced this action and defendant eventually moved for summary judgment. Supreme Court denied the motion, without prejudice, and permitted plaintiffs 60 days in which to conduct certain depositions. Defendant appeals.

Supreme Court is afforded discretion when presented with a request for further disclosure pursuant to CPLR 3212 (f) and our review is guided by whether the court abused its discretion (*see Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]). The party seeking such relief must "demonstrate how further discovery might reveal material facts . . . [and] mere speculation will be insufficient" (*Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]). Here, plaintiffs produced, among other things, medical records of Jagraj Rai, a doctor at defendant's Wound Care Center who treated plaintiff, and those records state: "Pressure type ulceration, secondary to CPM machine used status post surgery." There are two other references in Rai's records indicating that the CPM machine caused plaintiff's ulcer. An alleged lack of causation was a primary ground upon which defendant sought summary judgment. While the delay in seeking further disclosure is a concern in this case and is an important factor in reviewing a CPLR 3212 (f) ruling (*see Sloane v Repsher*, 263 AD2d 906, 907 [1999]), plaintiffs have offered some explanation indicating that at least part of the delay was caused by defendant's failure to provide certain information. In light of such explanation and particularly because of the strong demonstration of the existence of potentially relevant evidence, together with the short time frame and restriction on further disclosure crafted in Supreme Court's order, we are unpersuaded that the court abused its discretion in denying defendant's motion.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.