■ CYNTRELL HAGGRAY, as Parent and Guardian of JANICE HAGGRAY, an Infant, Respondent, v SHAHIN MALEK, Also Known as SHAHIN MALAK, Defendant, and LARRY D. COOK et al., Appellants. (And a Third-Party Action.) [799 NYS2d 689]—

---

Mugglin, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered July 12, 2004 in Albany County, which, inter alia, denied a motion by defendants Larry D. Cook and Jewel A. Cook for summary judgment dismissing the complaint and cross claims against them.

Plaintiff commenced this action seeking damages for lead paint poisoning sustained by her infant daughter while living in an apartment building owned by defendants Larry D. Cook and Jewel A. Cook (hereinafter collectively referred to as defendants) from June 1993 to August 1993, when she moved to a lead-free shelter. The infant was initially discovered to have an elevated level of lead in her blood in January 1992 while residing in another apartment building which was confirmed as containing lead paint hazards. Although that lead paint hazard was successfully abated, the infant's blood test on November 18, 1992 continued to show a high level of lead. When next tested on September 30, 1993, it was established that the infant's lead levels had increased markedly. At issue on this appeal is Supreme Court's denial of defendants' motion for summary judgment dismissing the complaint and all cross claims against them.

We affirm. Defendants contend that since their evidentiary submissions established a prima facie entitlement to summary judgment as a matter of law, plaintiff was obligated to produce competent admissible evidence establishing the existence of a material issue of fact which she failed to do (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Convenient Med.*

*Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]). Specifically, defendants argue that plaintiff failed to create a material issue of fact that (1) the infant suffered an injury during the 1½-month occupancy of defendants' apartment, (2) defendants' apartment contained a lead paint hazard during this period, and (3) defendants had the requisite notice of the claimed lead paint hazard.

As to the issue of injury, defendants argue that since the infant was not tested while living at their apartment building, any conclusion that such occupancy contributed to the increased blood levels is simply conjecture and speculation. Plaintiff's expert, however, asserted that tests taken within one or two months are good indicators of recent exposure and, thus, to a reasonable degree of medical certainty, establish that the elevated blood levels as shown in the test of September 1993 were the direct and proximate result of the lead hazards existing at defendants' property. This unrefuted evidence demonstrates a material issue of fact on the issue of injury.

Second, we disagree with defendants' contention that there is no proof of a hazardous lead condition on the premises during the infant's occupancy. The record reveals that a lead paint hazard was discovered in the building in 1991 and the same hazardous condition was again found in 2001. In 1991, instead of employing an expert, the record discloses that defendants opted to perform the abatement themselves. However, they failed to seal off each room, failed to perform the abatement one room at a time and failed to use an approved vacuum to remove lead dust during the process. As a result of these deficiencies, plaintiff's expert claims that defendants' abatement of the lead paint hazard was improper and inadequate. This evidence, combined with plaintiff's evidence of chipping and peeling paint and dust in the infant's bedroom, demonstrates the existence of a triable issue of fact concerning the presence of a lead-base paint hazard during the period of occupancy sufficient to preclude summary judgment.

The final prong of defendants' argument—the lack of notice to defendants of a lead paint hazard—is similarly unavailing. Although defendants deny observing any chipping or peeling paint during the five or six times they were in the apartment during the infant's occupancy, the conflicting testimony on this issue is sufficient to create a material issue of fact regarding defendants' constructive notice of the hazard (*see Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 181 [2002]). While the mere observance of chipping paint does not itself give constructive notice of the lead hazard (*see Stover v Robilotto*,

277 AD2d 801, 803 [2000], *affd* 97 NY2d 9 [2001]), defendants admittedly knew that despite their attempted abatement, the lead paint hazard could reappear. Thus, plaintiff has demonstrated the existence of a material issue of fact regarding defendants' constructive knowledge of a lead paint hazard sufficient to defeat a motion for summary judgment on this ground (*see Chapman v Silber*, 97 NY2d 9, 15 [2001]).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.