■ In the Matter of EBONY ROBINSON, as Parent and Guardian of JAHSIR ROBINSON, an Infant, Appellant, v MARINO E. SCAFIDI et al., Defendants, and JOSEPH VAN ALPHEN, Respondent. [803 NYS2d 789]—

Carpinello, J. Appeal from an order of the Supreme Court (Benza, J.), entered October 4, 2004 in Albany County, which, inter alia, granted defendant Joseph Van Alphen's motion for summary judgment dismissing the complaint against him.

Between August 1998 and October 1999, plaintiff lived in three different residential buildings in the City of Albany with her young son. After the child registered an elevated blood lead level at his two-year-old doctor's appointment in October 1999, an investigation by the Albany County Department of Health revealed that all three of these apartments had areas containing lead paint. This action was filed against each landlord, as well as two municipal entities, seeking damages for the child's lead poisoning injuries. The sole issue before us on appeal is the

propriety of summary judgment to defendant Joseph Van Alphen. Van Alphen owned the apartment in which plaintiff resided for 5½ months between mid-February 1999 and July 31, 1999.[1] Finding that Supreme Court properly granted summary judgment to Van Alphen, we now affirm.

Although not really disputed, we begin by finding that Van Alphen made a prima facie showing of his entitlement to summary judgment as a matter of law thus obligating plaintiff, under the five prongs outlined in *Chapman v Silber* (97 NY2d 9, 15 [2001]), to raise a triable issue of fact.[2] Here, plaintiff failed to satisfy all five prongs in that she was unable to show that Van Alphen was aware that paint was peeling on the premises during her tenancy (i.e., the third *Chapman* prong). According to plaintiff, when she moved into the apartment in mid-February 1999, it was in "excellent" condition. Indeed, prior to her entry, the entire apartment, with the exception of the bathroom, had been repainted.

Plaintiff also testified that she never observed any chipping or peeling paint anywhere inside the apartment during her tenancy (*compare Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176 [2002]). Nor did her move to another apartment have anything to do with the condition of the apartment itself. To the contrary, plaintiff testified that she had no problems with, or complaints about, the condition of this apartment at any time. Van Alphen similarly testified that he never observed any chipping, blistering or flaking paint in the apartment prior to, during or immediately after plaintiff's tenancy.

Although lead paint hazards had been cited on the premises on two occasions in the past, the Health Department advised Van Alphen in June 1996 that the most recent hazard had been satisfactorily abated. Moreover, while a technician observed chipping, peeling and flaking paint in the apartment during the Health Department's investigation into the child's elevated lead level, these observations took place four months after plaintiff moved out. In the interim, new tenants had moved into it. Thus, these observations are insufficient to raise a question of fact

---

**1.** Plaintiff settled with the other two landlords and does not challenge the award of summary judgment to the municipal entities.

**2.** Specifically, the Court of Appeals held that "absent controlling legislation, a triable issue of fact is raised when a plaintiff shows that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber, supra* at 15).

concerning the presence of peeling paint during plaintiff's tenancy since both plaintiff and Van Alphen denied the existence of same during this very time period. Finally, to the extent that plaintiff relies on the presence of dust in the apartment as raising a question of fact, we are unpersuaded that the existence of dust alone, without any knowledge of peeling paint, satisfies the third *Chapman* factor and thus is also insufficient to raise a triable issue of fact (*compare Haggray v Malek*, 21 AD3d 683 [2005]).[3]

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

3. In any event, we note that plaintiff testified that she cleaned regularly and the record is devoid of any evidence that Van Alphen was aware of the presence of dust in the apartment during her tenancy.