■ EDWARD MEAD et al., Respondents, v PENTAIR PUMP GROUP, INC., et al., Defendants, and GENERAL ELECTRIC COMPANY, Appellant. [817 NYS2d 432]—

Rose, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered July 12, 2005 in Columbia County, which, inter alia, granted plaintiffs' motion to compel defendant General Electric Company to respond to plaintiffs' discovery demands, and (2) from an order of said court, entered September 14, 2005 in Columbia County, which, inter alia, denied said defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this negligence action against defendants, alleging that they had designed, manufactured or sold a submersible well pump and its components which had malfunctioned and released oil and PCBs into their well. A discovery impasse arose between plaintiffs and defendant General Electric Company (hereinafter GE) when plaintiffs served broad discovery demands and GE objected to them, refusing to respond until plaintiffs specified what component of the pump had been made by GE and had failed. GE eventually moved for summary judgment dismissing the complaint on the ground that, among other things, it had not manufactured or sold the pump, PCBs or oil for such a pump. In September 2004, Supreme Court held the motion in abeyance and directed the parties to schedule a joint inspection of the pump. Thereafter, but before the inspection could take place, plaintiffs moved for an order compelling GE to respond to their discovery demands and GE cross-moved for a protective order. On July 12, 2005, Supreme Court denied GE's cross motion and ordered GE to respond to plaintiffs' demands within 45 days, yet plaintiffs were permitted to postpone their response to GE's demands until after the pump was inspected. When GE requested clarification of the status of its summary judgment motion, the court issued an order denying the motion without prejudice. GE appeals both orders.

Despite Supreme Court's broad discretion in supervising discovery (*see e.g. Hirschfeld v Hirschfeld*, 69 NY2d 842, 844 [1987]), we are persuaded that the court abused its discretion in unconditionally granting plaintiffs' motion to compel without taking into consideration that the imminent inspection of the pump would affect the scope and reasonableness of their demands. Plaintiffs had the obligation to specifically identify the component of their pump alleged to be defective (*see Kadan v Volkswagen of Am.*, 129 AD2d 948, 949 [1987]) and, to do so, inspection of the pump was needed. Even if a possibly defective component were found upon inspection to be made or supplied by GE, plaintiffs' original discovery demands still would be patently overbroad and unduly burdensome (*see Winiecki v Melroe Co.*, 252 AD2d 496, 496-497 [1998]; *DeDivitis v International Bus. Machs. Corp.*, 228 AD2d 963, 964 [1996]), and GE's response should not have been compelled before the demands were revised. At oral argument before this Court, the parties acknowledged that the inspection has taken place. Thus, we will modify Supreme Court's order by denying plaintiffs' motion to compel and granting GE's cross motion for a protective order unless plaintiffs revise their demands by limiting them to the components of the pump alleged to be defective GE products in

light of the information learned upon inspection, thereby assuring that they seek only information which is material and necessary to their claims against GE and GE's defenses (see CPLR 3101 [a]).

We cannot agree, however, that Supreme Court also abused its discretion under CPLR 3212 (f) in holding GE's motion for summary judgment in abeyance, and later denying it without prejudice, pending the completion of discovery. While it is true that plaintiffs did not present an additional affidavit stating how further discovery might reveal facts necessary to respond to GE's motion before Supreme Court issued its order (see Scofield v Trustees of Union Coll. in Town of Schenectady, 267 AD2d 651, 652 [1999]), the parties' earlier submissions on their respective discovery motions clearly demonstrated that discovery as to what, if any, component of the pump had been manufactured by GE was needed. Thus, the possibility that further discovery would produce material evidence certainly was not speculative (see Svoboda v Our Lady of Lourdes Mem. Hosp., Inc., 20 AD3d 805, 806 [2005]; Pank v Village of Canajoharie, 275 AD2d 508, 510 [2000]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order entered July 12, 2005 is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion to compel and denied defendant General Electric Company's cross motion for a protective order; plaintiffs' motion denied and said defendant's cross motion granted unless plaintiffs revise and serve discovery demands not inconsistent with this Court's decision within 30 days of the date hereof; and, as so modified, affirmed. Ordered that the order entered September 14, 2005 is affirmed, without costs.