■ Tracey Charette, as Parent and Guardian of Amber Charette, an Infant, Respondent, v Raymond Santspree et al., Appellants, et al., Defendant. (And a Third-Party Action.) [893 NYS2d 315]—

Kavanagh, J.

In September 1996, plaintiff gave birth to her second child (hereinafter the child) while residing in a second floor apartment in a building located at 112 Main Street in the City of Cohoes, Albany County that was owned by defendants Raymond Santspree and Diane Santspree (hereinafter collectively referred to as defendants). In May 1998—some four months after defendants sold the building to defendant Joseph Marra—tests performed on the child established that she had elevated levels of lead in her blood. Plaintiff subsequently commenced this action against defendants and Marra on behalf of her child, alleging that, while residing in the building, the child had been poisoned because of her exposure to lead-based paint as well as dust contaminated with lead and, as a result, has been seriously injured. Defendants moved for summary judgment dismissing the complaint against them, arguing that no evidence has been submitted that they had actual or constructive notice of such a condition being present on the premises or that the child was exposed to any form of lead contamination while they owned the building. Supreme Court denied defendants' motion and this appeal ensued. As factual questions abound on both of these issues, defendants' motion was properly denied and we affirm.

In *Chapman v Silber* (97 NY2d 9 [2001]), the Court of Appeals held that, in the absence of proof that an out-of-possession landlord had actual notice of the existence of a hazardous condition caused by a lead-based paint being used on the landlord's premises, a plaintiff can establish that the landlord had constructive notice of that condition by showing "that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*id.* at 15; *see Matter of Robinson v Scafidi*, 23 AD3d 827, 828 [2005], *lv denied* 6 NY3d 710 [2006]; *Haggray v Malek*, 21 AD3d 683, 684-685 [2005]; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 179 [2002]). Plaintiff does not argue that defendants had actual notice, but does contend that a question of fact exists as to whether they had constructive notice that such a condition existed on the premises.

Here, there is no dispute that when they purchased the building in 1981, defendants knew that it was at least 50 years old and that a lead-based paint could have been previously used on the premises. Defendants concede that they were aware of the hazard that lead-based paint posed to small children and knew that plaintiff had young children residing in her apartment. Given that defendants, throughout their period of ownership, retained the right to enter the premises to make necessary repairs, all that remains to be decided in connection with their motion for summary judgment is whether evidence has been presented establishing that they had knowledge that paint was chipping and peeling at the time that plaintiff resided in her apartment (*see Chapman v Silber*, 97 NY2d at 15; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d at 179-180).

Initially, we note our agreement with defendants that any claim made by plaintiff that her child was exposed to a hazardous condition caused by lead paint inside her second floor apartment—as opposed to the common areas of the entire building—must fail because plaintiff has not presented any evidence as required that defendants had actual knowledge that paint was chipping or peeling inside her apartment (*see Chapman v Silber*, 97 NY2d at 15; *Jackson v Brown*, 26 AD3d 804, 805 [2006]; *Matter of Robinson v Scafidi*, 23 AD3d at 828; *Haggray v Malek*, 21 AD3d at 684; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d at 179-180). Defendants denied ever having such knowledge and plaintiff admits never complaining or notifying them

about any such condition existing inside her apartment (*see Matter of Robinson v Scafidi*, 23 AD3d at 828).

However, plaintiff is not required to show that defendants had actual knowledge that paint was chipping and peeling if her claim is based on a lead paint hazard existing in common areas of the building (*see Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d at 179-180). In that circumstance, a landlord's knowledge of the existence of such a hazardous condition in common areas of a building can be established by constructive knowledge if, among other things, the landlord had the right to enter the premises to make necessary repairs. Since such right would give the landlord regular and unrestricted access to common areas of the building, a landlord's knowledge that paint is chipping and peeling in those areas of the premises can be inferred from proof that, during the time the landlord owned the building, such a condition did, in fact, exist (*see Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d at 182).

While defendants deny ever seeing paint chipping or peeling anywhere in the building during the 17 years that they owned the premises, or ever being notified that such a condition existed, plaintiff has testified to observing paint chips and dust throughout the front hallway as well as the front and rear stairways of the building. She testified that this condition existed during the entire time that she resided in the building and that these areas of the building were open and accessible to anyone who entered upon the premises. In addition, the Albany County Department of Health conducted an inspection of the entire building shortly after it learned of the results of the child's blood test and specifically noted the presence of chipping and peeling paint in common areas of the premises. Also, Diane Santspree admitted that, during the time she and her husband owned the building—and while plaintiff was a tenant—she would enter the building each month to collect rent from her six tenants. Therefore, we are of the view that plaintiff has presented competent evidence that raises a factual issue as to whether defendants had notice—either actual or constructive—that paint was chipping and peeling in those areas of their building and that, as a result, a hazardous condition created by lead-based paint existed on the premises.

Finally, defendants contend that plaintiff failed to make any evidentiary showing that her child's exposure to a lead-based paint hazard occurred while they owned the premises and prior to the building being sold to Marra. Defendants argue that because they did not own the building when the blood samples were taken from the child that first detected the elevated levels

of lead in her blood, they cannot be held liable for any claim for injury as the result of the child's exposure to a lead-based paint. However, as previously noted, plaintiff testified that she observed paint chipping and peeling from the walls in the common areas of the building not long after she took possession of the second floor apartment and that these conditions continued to exist throughout her tenancy. No evidence has been presented to suggest that the condition of this property and, in particular, the common areas of the building, changed or were altered after the building had been sold to Marra. Equally important, plaintiff testified that before the blood tests were performed on her child and while defendants owned the premises, she observed the child crawling throughout the building and, in particular, in the hallways immediately outside of her apartment.* While plaintiff acknowledges during this period never seeing her child ingesting paint chips, she did recall that the child engaged in frequent hand-to-mouth behavior and often put "paint chips into her mouth on numerous occasions during our tenancy." As a result, there is a question of fact as to whether the child was exposed to a lead paint hazard while defendants held title to the building and were in possession of the premises (*see Haggray v Malek*, 21 AD3d at 684; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d at 184).

Defendants' remaining contentions have been reviewed and found to be lacking in merit.

Mercure, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We cannot conclude, as defendants urge, that simply because plaintiff failed to introduce evidence of earlier blood tests performed on the child that it necessarily follows that such tests did not result in elevated findings of lead.