■ LARRY STUBBS, Respondent, v ELLIS HOSPITAL et al., Defendants, and MOHAWK AMBULANCE COMPANY, Also Known as PARKLAND AMBULANCE SERVICE, INC., et al., Appellants. [892 NYS2d 606]—

Spain, J.

Plaintiff, who suffers from a bipolar type of schizoaffective disorder and was experiencing auditory hallucinations, was taken by ambulance to defendant Ellis Hospital in the City of Schenectady, Schenectady County late in the evening of March 14, 2006. Once there, he was placed in a room where he waited approximately six hours for a crisis worker to arrive, during which time his behavior became increasingly bizarre, culminating in his attempt to pull a fire alarm. Numerous hospital staff, police officers, and emergency medical technicians employed by defendant Mohawk Ambulance Company, including defendants

Joe Meunier and Robert J. Decker Jr., allegedly rushed toward plaintiff and attempted to restrain him. According to plaintiff, during the resulting struggle, he was "punched, kicked, stomped on, body slammed, and beaten" by persons he is unable to identify, causing him to sustain injuries including a broken arm.

Subsequently, plaintiff commenced this action against several parties to recover for the personal injuries he sustained while being restrained, claiming medical malpractice and negligence. Thereafter, Mohawk, Meunier and Decker (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint, contending that neither they nor any Mohawk employee had harmed plaintiff. Plaintiff opposed, contending that he lacked facts essential to oppose the motion because he was mentally impaired at the time of the injury and lacked any memory of the incident and, thus, it was unclear who and what caused his injuries. Supreme Court agreed and denied defendants' motion pursuant to CPLR 3212 (f). Defendants now appeal.

In reviewing Supreme Court's denial of a motion for summary judgment pursuant to CPLR 3212 (f), this Court is guided by whether the court abused its discretion (*see Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d 805, 806 [2005]; *Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]). A court shall grant a motion for summary judgment "if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212 [b]). However, a court may deny the motion if "it appear[s] from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d at 806; *Pank v Village of Canajoharie*, 275 AD2d at 509; *Darling v Solomon*, 227 AD2d 851, 851-852 [1996]). The party opposing the motion must demonstrate that " 'further discovery might reveal material facts [but] mere speculation will be insufficient' " (*Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d at 806, quoting *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]; *see Pank v Village of Canajoharie*, 275 AD2d at 509-510).

In moving for summary judgment, defendants relied solely upon affidavits denying any role in causing plaintiff's injuries. Plaintiff's affidavits submitted in opposition to defendants' motion demonstrated that further discovery may reveal material facts, including who was involved in the incident and what

caused plaintiff's injuries. Plaintiff asserts that due to his mental state at the time of the incident, he has no recollection of many of the details of or participants in the incident but that additional discovery would facilitate such awareness. Additionally, plaintiff's counsel submitted an affidavit stating that defendants had not complied with plaintiff's discovery demands, including production of certain witnesses, thereby contributing to plaintiff's inability to gather necessary information. Furthermore, the hospital report contains statements suggesting that further discovery may reveal material facts regarding who and what caused plaintiff's injuries. Accordingly, a triable issue of fact exists that warrants further discovery (*see* CPLR 3212 [f]; *Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d at 806; *Pank v Village of Canajoharie*, 275 AD2d at 509; *Darling v Solomon*, 227 AD2d at 851-852). As such, we discern no basis upon which to conclude that Supreme Court abused its discretion in denying defendants' motion for summary judgment.

We find that defendants' remaining contentions lack merit.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.