█ Asheem Cunningham, Appellant-Respondent, v Gary L. Keehfus et al., Respondents-Appellants. [978 NYS2d 405]—

---

Rose, J. (1) Cross appeals from an order of the Supreme Court (McNamara, J.), entered September 12, 2012 in Albany County, which, among other things, held defendants' motion for summary judgment dismissing the complaint in abeyance pending further discovery, and (2) appeal from an order of said court, entered March 20, 2013 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages in connection with his alleged exposure as an infant to lead paint while residing in an apartment building formerly owned by defendants. After joinder of issue and limited discovery, defendants moved for summary judgment dismissing the complaint against them. Plaintiff cross-moved for, among other things, further discovery. Supreme Court held that, based on the papers then before it, defendants had made a prima facie showing entitling them to summary judgment due to their lack of both actual and constructive notice of the existence of a lead paint hazard in the apartment in question. Because defendants and their property managers had not yet been deposed and plaintiff was otherwise unable to come forward with evidence raising a triable issue of fact regarding whether defendants were aware that paint was peeling on the premises, the court held the motion in abeyance in order to allow plaintiff to conduct depositions on this aspect of constructive notice. Plaintiff then deposed defendant Gary Keehfus, his deposition testimony was considered by Supreme Court and defendants' motion dismissing the complaint was then granted. Plaintiff appeals from both orders and defendants cross-appeal from the initial order.

Supreme Court's initial determination to hold the motion in abeyance pending depositions on the issue of whether defendants had constructive notice of the lead paint hazard was not an abuse of its discretion. Defendants moved for summary judgment prior to the court-imposed deadline for depositions, the authority to conduct depositions was limited and, based on the evidence submitted, the possibility that further discovery would produce material evidence was not speculative (*see* CPLR 3212 [f]; *Mead v Pentair Pump Group, Inc.*, 30 AD3d 788, 790 [2006]; *Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d 805, 806 [2005]; *Patterson v Brennan*, 292 AD2d 582, 583 [2002]).

Turning to the issue of notice, we agree with defendants that they established that they were unaware of any lead paint hazard in the apartment and that plaintiff came forward with no evidence of actual notice. To raise a triable issue of constructive

notice, plaintiff was required to show "that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15 [2001]; *accord Robinson v Bartlett*, 95 AD3d 1531, 1533 [2012]).

Plaintiff failed to make that showing with respect to the *Chapman* factor requiring defendants' awareness that paint was peeling in the apartment. At his deposition, Keehfus testified that there was "none that I'm aware of." Contrary to plaintiff's contention, Keehfus' later testimony that he had no memory of anyone complaining to him about the condition of the apartment does not mean that he had actual notice or that his denial of knowledge was inconclusive or vague. As the deposition testimony failed to raise an issue of fact regarding constructive notice, Supreme Court properly granted the motion and dismissed the complaint (*see Chapman v Silber*, 97 NY2d at 22; *Hines v Double D & S Realty Mgt. Corp.*, 106 AD3d 1171, 1174-1175 [2013], *lv denied* 22 NY3d 852 [2013]; *Matter of Robinson v Scafidi*, 23 AD3d 827, 828-829 [2005], *lv denied* 6 NY3d 710 [2006]). Because the absence of any one of the *Chapman* factors is sufficient to establish the lack of constructive notice (*see Hines v Double D & S Realty Mgt. Corp.*, 106 AD3d at 1173), the parties' arguments with respect to the remaining factors are academic.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the orders are affirmed, with costs to defendants.