■ Joan T. Constantine, Appellant, v Deborah Bernardo et al., Appellants, et al., Defendants, and R.J. Reynolds Tobacco Company, Respondent. [658 NYS2d 83] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated May 14, 1996, as granted the motion of the defendant R. J. Reynolds Tobacco Company for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Deborah Bernardo and F. A. Bernardo, Jr., separately appeal, as limited by their brief, from so much of the same order as denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Joan T. Constantine allegedly sustained injuries when her automobile collided with an automobile driven by the defendant Deborah Bernardo and owned by the defendant F. A. Bernardo (hereinafter collectively the Bernardos), at or near the intersection of Gardiners Avenue and Amber Lane, in Levittown, New York. In her complaint the plaintiff alleged that a sign owned by the defendant R. J. Reynolds Tobacco Company (hereinafter Reynolds) obstructed the view of traffic on Gardiners Avenue, and, *inter alia,* that the negligent placement of the sign caused the accident. The Supreme Court granted the motion by Reynolds for summary judgment dismissing the complaint insofar as asserted against it, stating that the sign had concededly been moved from its original position, and that Reynolds had neither knowledge nor notice of its placement at the time of the accident. The cross motion by the Bernardos for summary judgment dismissing the complaint as to them was denied on the ground that issues of fact existed. We affirm.

The conduct of Reynolds in supplying an advertising sign which was thereafter moved by the defendant Neighborhood Deli from its original location to a location which allegedly blocked the plaintiff's view of Gardiners Avenue, only furnished the condition or occasion for the event which caused the accident and did not constitute one of the causes of the accident

*(see, Margolin v Friedman,* 43 NY2d 982, 983). Summary judgment was properly granted in favor of Reynolds because it is undisputed that it did not place the sign in the location which allegedly blocked the plaintiff's view of Gardiners Avenue.

The questions of whether the appellant Deborah Bernardo, the driver of the car which collided with the plaintiff's car, was negligent and whether her negligence, if any, was a proximate cause of the accident, is a jury question *(see, Bagnato v Romano,* 179 AD2d 713). Accordingly, the cross motion by the Bernardos for summary judgment dismissing the complaint insofar as asserted against them was properly denied. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.