■ PEDRO GARCIA TZIC et al., Respondents, v CHRISTINA SERAFIS KASAMPAS et al., Appellants-Respondents, and MSS CONSTRUCTION CORP. et al., Respondents-Appellants. CHRISTINA SERAFIS KASAMPAS et al., Third-Party Plaintiffs-Appellants-Respondents, v CHAMPION BUILDER & CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant. [940 NYS2d 218]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered January 31, 2011, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment as to liability on their cause of action under Labor Law § 240 (1) against defendants Christina Serafis Kasampas and Nicholas Serafis, denied those defendants' cross motion for summary judgment on their indemnification claims, denied in part MSS Construction Corp. and Sidewalk Sheds and Scaffolding's (MSS) cross motion for summary judgment dismissing all claims and cross claims asserted against MSS, and determined that the injured plaintiff suffered a "grave injury" within the meaning of section 11 of the Workers' Compensation Law, unanimously affirmed, without costs.

The injured plaintiff alleges that while engaged in construc-

tion work at 135 Waverly Place in Manhattan, he fell 15 feet from an opening in a "sidewalk shed" (sidewalk bridge) that extended around the perimeter of the building. Plaintiff was employed by third party defendant Champion Builder & Construction Corp. (Champion). The owner of the building was defendant Christina Serafis Kasampas, who gave power of attorney over the building's operation to her father, defendant Nicholas Serafis (collectively, the owners). The owners hired Champion to restore the building's facade. Champion hired defendant MSS to build the sidewalk bridge.

The failure to provide an adequate safety device is a per se violation of Labor Law § 240 (1) for which the owner and contractor are held strictly liable (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 8 [2011]). To prevail on a summary judgment motion premised on section 240 (1) liability, plaintiff must demonstrate that the statute was violated and that such violation was a proximate cause of his injuries (id. at 9-10). According to the testimony of Champion's president, John Hussain, plaintiff was provided with a hard hat and a safety harness with a safety line and was supposed to use the line to secure the harness to a fire escape when working near one. Plaintiffs' expert testified that using the fire escape as anchorage was improper, and that a proper personal fall system was lacking. In opposition, the owners did not come forward with evidence contesting plaintiffs' expert's assertion. Since it is uncontested that an adequate safety device was not provided, Hussain's testimony that certain other safety devices were provided is irrelevant (see id.).

It is true that "where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" under Labor Law § 240 (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). However, to raise an issue of fact regarding plaintiff's recalcitrance, the owners were required to show that: (a) plaintiff had adequate safety devices at his disposal; (b) he both knew about them and that he was expected to use them; (c) for "no good reason" he chose not to use them; and (d) had he used them, he would not have been injured (see Auriemma, 82 AD3d at 10).

The owners' assertion that plaintiff covered the opening with tarp and then carelessly walked over it is of no moment. First, this assertion is speculative. Second, once the statutory violation has been established as a proximate cause of the accident, plaintiff's alleged contributory negligence becomes irrelevant (see Figueiredo v New Palace Painters Supply Co. Inc., 39 AD3d 363, 364 [2007]).

The motion court correctly denied the owners' motion seeking summary judgment on their indemnification claims. Summary judgment on common law indemnification claims is only warranted where "there are no issues of material fact concerning the precise degree of fault attributable to each party involved" (*Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 489 [2006]).

The evidence here suggests that the owners exercised sufficient control over the safety issue presented by the opening to raise an issue of fact regarding their negligence, i.e., Hussain's testimony about Serafis's direct involvement in safety issues, and, in particular, the safety of the subject opening in the sidewalk bridge. Hussain testified that Serafis instructed him not to cover the opening with planks, so that Hussain used guardrails. If credited, such testimony would establish that the owners "possessed the requisite supervisory control over that portion of the work activity bringing about the injury to enable [them] to prevent the creation of the unsafe condition or plaintiff's exposure to it" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]; cf. *Singh v Black Diamonds LLC*, 24 AD3d 138, 139-140 [2005]).

The motion court correctly determined that plaintiff suffered a "grave injury" (Workers' Compensation Law § 11). Since the medical affidavit proffered by Champion failed to address facts in the record (*see Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]), such as that plaintiff had no orientation to place and time, was the subject of a court-ordered guardianship, required 24-hour-a-day supervision and the care of a nursing facility, and, due to his cognitive impairments, was not capable of giving any testimony whatsoever in this action, the affidavit failed to raise a triable issue of fact regarding whether plaintiff was employable "in any capacity" (*see Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 417 [2004] [emphasis omitted]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ.