Order, Supreme Court, Bronx County (Norma Ruiz, J„), entered February 1, 2012, which, insofar as appealed from as limited by the briefs, upon reargument of third-party defendant Tiegre Mechanical Corp.’s motion for summary judgment dismissing West Manor Construction Corp.’s and Bradhurst 100 Development LLC’s claims for contractual indemnification, common-law indemnification and contribution against it and West Manor’s and Bradhurst’s motion for summary judgment in their favor on their contractual indemnification claims against Tiegre, adhered to the original determination granting Tiegre’s motion as to the contractual indemnification claims and denying West Manor’s and Bradhurst’s motion as to those claims, and denying Tiegre’s motion as to the claims for common-law indemnification and contribution, unanimously modified, on the law, to grant Tiegre’s motion as to the common-law indemnification and contribution claims, and otherwise affirmed, without costs.
As to West Manor’s and Bradhurst’s claims for common-law indemnification and contribution as against Tiegre, the injured plaintiffs employer, Tiegre established prima facie that plaintiff did not sustain a grave injury within the meaning of Workers’ Compensation Law § 11, and West Manor and Bradhurst failed *524 to raise an issue of fact (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363 [2005]; Altonen v Toyota Motor Credit Corp., 32 AD3d 342, 343-344 [1st Dept 2006]). Plaintiff’s bill of particulars, deposition testimony, and medical records, and the independent medical examination reports indicate that, while plaintiff may have been unable for a time to work in his chosen profession, his disability was caused by his neck and shoulder injuries, not by “an acquired injury to the brain” — the only potentially applicable category of grave injury under Workers’ Compensation Law § 11. The daily headaches and frustrating loss of focus from which plaintiff testified he suffered do not satisfy the acquired brain injury standard (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]; Tzic v Kasampas, 93 AD3d 438, 440 [1st Dept 2012]).
As to their contractual indemnification claims against Tiegre, West Manor and Bradhurst argue that Tiegre was negligent in failing to instruct plaintiff that the driveway exit through which he entered the building under construction was reserved solely for supervisors of contractors and subcontractors. However, it is undisputed that plaintiff was injured by a cinder block that was dropped off the sixth floor of the building by an employee of defendant Larino Masonry, Inc. Thus, even assuming the existence of a rule that prohibited workers — as opposed to supervisors — from using the driveway exit, plaintiffs “violation” of the rule was not a proximate cause of the accident, but merely furnished the condition or occasion for its occurrence (see Margolin v Friedman, 43 NY2d 982 [1978]; Gerrity v Muthana, 28 AD3d 1063 [4th Dept 2006], affd 7 NY3d 834 [2006]; Constantine v Bernardo, 239 AD2d 539 [2d Dept 1997]). Concur — Tom, J.E, Andrias, Saxe, Acosta and Freedman, JJ.