Singh v New York City Hous. Auth. (2019 NY Slip Op 08272)





Singh v New York City Hous. Auth.


2019 NY Slip Op 08272


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10340 20334/16E

[*1] Mandeep Singh, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Edelman & Edelman, P.C., New York (David M. Schuller of counsel), for appellant.
Litchfield Cavo LLP, New York (Dennis J. Dozis of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered October 10, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim with his deposition testimony, photographic exhibits and expert's opinion, which showed that he fell from a 10-foot high sidewalk bridge that he was helping to assemble on defendant's property, when a pile of heavy wooden planks shifted and struck him on the legs, causing him to lose his balance. Plaintiff testified that the side barriers for the sidewalk bridge were not yet built, and he was not supplied with a safety harness to protect him from gravity-related harm (see generally Serrano v TED Gen. Contr., 157 AD3d 474 [1st Dept 2018]; Tzic v Kasampas, 93 AD3d 438 [1st Dept 2012]; Morales v Spring Scaffolding, Inc., 24 AD3d 42 [1st Dept 2005]).
Defendant's argument that the deposition testimony and photographic evidence were inadmissible is unavailing. A movant's submission of its own deposition testimony is deemed to be an adoption of such testimony as accurate, and therefore admissible (see CPLR 3116[a]; Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543 [1st Dept 2013]; Rodriguez v Ryder Truck, Inc., 91 AD3d 935 [2d Dept 2012]). Moreover, plaintiff's submitted deposition transcript was certified, and defendant did not challenge its accuracy (see e.g. Franco, 103 AD3d at 543; Arthur v Liberty Mut. Auto & Home Servs. LLC, 169 AD3d 554 (1st Dept 2019), and, on reply, plaintiff submitted the missing authentications, with no showing by defendant that it had been prejudiced by the late submission. As for the photographic evidence, plaintiff's testimony at deposition that the photographic exhibits, and in particular respondent's photographic exhibit "B," reflected the sidewalk bridge in question, as well as the location where he fell, which he marked, and that the depicted sidewalk bridge barriers were not in place when he fell, adequately authenticated the photographs for admissibility purposes (see e.g. Cuevas v City of New York, 32 AD3d 372, 373 ([1st Dept 2006]).
Defendant's argument that plaintiff's motion for partial summary judgment was premature where its expert opined that depositions of the contractor's personnel yet to be taken might yield evidence that plaintiff was supplied with a fall-arrest safety harness, and that he was recalcitrant in not using it, lacks factual support in the record, and as such, the expert's opinion in that regard is speculative and non-probative (see generally Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]). The mere hope that additional discovery may lead to sufficient evidence to defeat a summary judgment motion is insufficient to deny such a motion (see Erkan v McDonald's Corp., 146 AD3d 466 [1st Dept 2017]; DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480 [1st Dept 2015]). The record further shows that defendant had a reasonable opportunity to pursue discovery (see generally McGlynn v Palace Co., 262 AD2d 116 [1st Dept 1999]), and defendant has not shown that it was diligent in pursuing discovery in this [*2]case (see generally Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557 [1st Dept 2007]; Rodriguez Pastor v DeGaetano, 128 AD3d 218, 228 [1st Dept 2015]).
For the foregoing reasons, defendant's submissions in opposition failed to raise a triable issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK