Blacio v Related Constr. LLC (2024 NY Slip Op 02008)

Blacio v Related Constr. LLC

2024 NY Slip Op 02008

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 157518/22 Appeal No. 2064 Case No. 2023-03740 

[*1]Jimmy Blacio, Appellant,
v
Related Construction LLC, et al., Respondents.

Subin Associates, LLP, New York (Christopher J. Soverow of counsel), for appellant.
London Fischer LLP, New York (Joseph J. Accurso of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered July 17, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff and a co-worker were transporting large wooden panels from the basement to the 12th floor of a construction project. To transport the panels they had to walk past a stairway on the 12th floor. As plaintiff walked past the stairway, he fell through an unguarded stairway opening. The court should have granted plaintiff partial summary judgment on the Labor Law § 240 (1) claim because he was not provided with adequate protection to prevent his fall into the unguarded stairway opening (see Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599, 600 [1st Dept 2020]).
The affidavit of defendant Related Construction LLC's site safety manager averring that the plywood barrier was installed days before the accident is irrelevant because liability under Labor Law § 240(1) is not dependent on a finding that the owner or general contractor had notice of the violation (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 450 [1st Dept 2013]). Moreover, Defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Defendants' assertion that plaintiff removed the plywood barrier is speculative (see Tzic v Kasampas, 93 AD3d 438, 439 [1st Dept 2012]; see also Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731 [2d Dept 2010]).
Contrary to defendants' contention, plaintiff's motion was not premature. The fact that no depositions have been taken does not preclude summary judgment in plaintiff's favor, as defendants failed to show that discovery might lead to facts that would support their opposition to the motion (see Laporta v PPC Commercial, LLC, 204 AD3d 538, 539 [1st Dept 2022]). Defendants also failed to show that facts essential to their opposition were within plaintiff's exclusive knowledge (see Sotelo v TRM Contr., LP, 212 AD3d 488, 488 [1st Dept 2023]). Their argument that deposition testimony might further illuminate issues raised by the affidavits is unavailing and is also undermined by their failure to obtain whatever third-party testimony they needed in order to oppose plaintiff's motion (see id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024