Wilson v AC 320 Hotel Partners LLC (2025 NY Slip Op 03031)

Wilson v AC 320 Hotel Partners LLC

2025 NY Slip Op 03031

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 156149/19|Appeal No. 4385|Case No. 2024-03108|

[*1]Chet Wilson, Plaintiff-Respondent,
v
AC 320 Hotel Partners LLC, et al., Defendants-Appellants, Select Safety Consulting Services, Inc., Defendant.

AC 320 Hotel Partners LLC, et al., Third-Party Plaintiffs-Appellants,
v
Enterprise Architectural Sales, Inc., et al., Third-Party Defendants-Respondents.

Wood Smith Henning & Berman, LLP, New York (Cole Munson of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for Chet Wilson, respondent.
Fuchs Rosenzweig PLLC, New York (Valerie Prizimenter of counsel), for Rockledge Scaffold Corp., respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about April 12, 2024, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on the Labor Law § 240(1) claim as against defendants LRR Holdings LLC and Flintlock Construction Services, and granted third-party defendant Rockledge Scaffold Corp.'s motion for summary judgment dismissing defendants AC 320 Hotel Partners LLC, LRR, and Flintlock's third-party claims against it for common-law indemnification, contribution, and contractual indemnification, unanimously affirmed, without costs.
Plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim was properly granted. Defendants do not dispute that the facts — that plaintiff fell from an elevated scaffold through a partially hidden gap where there were no anchor points to tie off a harness or safety railings on the building side of the scaffold — demonstrate a prima facie violation of this provision (see Mena v 5 Beekman Prop. Owner LLC, 212 AD3d 466, 467 [1st Dept 2023]). Rather, defendants contend that the gap was integral to the work and that plaintiff was the sole proximate cause of his injuries.
Even assuming the integral-to-the-work defense applies in a Labor Law § 240(1) context (see generally Bazdaric v Almah Partners LLC, 41 NY3d 310, 321 [2024]; Guzman-Saquisili v Harlem Urban Dev. Corp., 231 AD3d 685, 686 [1st Dept 2024]), and that the gap itself was integral to the work, there is no evidence of any work-related reason for the absence of anchor hooks to tie off a harness or for the presence of the pink Styrofoam partially obscuring the gap. Nor is it clear that there was a work-related reason for the absence of a guardrail.
Plaintiff cannot be said, as a matter of law, to have been the "sole proximate cause" of the accident (see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]). Even if plaintiff was not looking where he was going and arguably should have seen the partially obscured gap, this would not negate the absence of a guardrail or anchor hooks or the presence of the Styrofoam. At most it would give rise to a finding of comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Sanchez v MC 19 E. Houston LLC, 216 AD3d 443, 444 [1st Dept 2023]; Gutierrez v Turner Towers Tenants Corp., 202 AD3d 437, 437-438 [1st Dept 2022]; Tzic v Kasampas, 93 AD3d 438, 439 [1st Dept 2012]).
Defendants' third-party common-law indemnification, contribution, and contractual indemnification claims against third-party defendant Rockledge were also properly dismissed. There is no indication that the accident was caused by or arose out of Rockledge's work or negligence (see Velez v LSG 105 W. 28th, LLC, 336 AD3d 617, 618 [1st Dept 2025]). There is nothing in the record to suggest that Rockledge placed the Styrofoam over the gap or was responsible for installing tie-off anchors. Rather, [*2]the record reflects that Rockledge had not been present at the site since the Scaffold was installed, was not contractually responsible for installing tie-off anchors and was not asked by Flintlock to install tie-off anchors.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025